UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| LOWN COMPANIES, LLC, a Michigan limited liability company d/b/a "Piggy Polish," | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-911 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PIGGY PAINT, LLC, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action for trademark infringement brought pursuant to 15 U.S.C. §

1121(a). Plaintiff alleges that it sells nail polish products in interstate commerce under the trademark

"Piggy Polish." The original complaint asserts that defendant Piggy Paint, LLC has infringed

plaintiff's trademark since 2008 by its use of the allegedly infringing mark "Piggy Paint" to sell nail

polish products in interstate commerce, including in the State of Michigan. Plaintiff's original

complaint names Piggy Paint, LLC (an Arkansas limited liability company) and three Arkansas

residents who are allegedly members of the defendant LLC. The complaint asserts federal trademark

claims and Lanham Act claims as well as pendent claims arising under Michigan law. In response

to the original complaint, defendants have moved to dismiss for lack of *in personam* jurisdiction.

(Motion to Dismiss, docket # 9). Alternatively, defendants have moved to transfer this action to the

District of Arkansas pursuant to 28 U.S.C. § 1631. (Motion to Transfer, docket # 15). Both motions

are now pending before District Judge Robert Holmes Bell.

After defendants moved to dismiss for lack of personal jurisdiction, plaintiff moved to amend its complaint to add both new claims and new parties.  The proposed amendment involves another trademark, "Spirit Fingers."  Plaintiff alleges that it developed this mark in January of 2010 to designate nail polish products that use college or university school colors.  The amended complaint would allege that defendants have recently begun selling similar nail polish products with college or university themes using the confusingly similar mark "Spirit Paint."  The proposed amendment asserts that two entities related to the present defendants -- Rockhouse Industries, LLC and Spirit Paint, LLC -- are also liable for infringement of the Spirit Fingers mark.

Judge Bell has referred the motion to amend to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  The present defendants strenuously oppose the motion to amend, on the ground that personal jurisdiction does not exist over the putative new defendants.  Alternatively, defendants reassert in duplicative fashion their request that this matter be transferred to the District of Arkansas.  Although plaintiff has asked for oral argument on its motion to amend, the court finds that a hearing is not necessary.  *See* W.D. MICH. LCIVR 7.3(d).  The objections raised by the present defendants to the motion to amend are insubstantial.  The motion to amend will be granted.

## Discussion

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  Under Rule 15(a), plaintiff would have had the right to file its amended complaint, without leave of court, had it acted within 21 days of the filing of defendant's motion to dismiss.  *See* FED. R. CIV. P. 15(a)(1)(B).  The motion to amend, however, was filed 88 days after the present defendants moved to dismiss.  Consequently, leave of court is required.  Fed. R. Civ. P. 15(a)(2)

-2-

provides that the court should freely give leave to amend when justice so requires.  The Supreme Court has long held that this rule means what it says, and that leave to amend should be granted in the absence of a good reason to the contrary.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the Sixth Circuit, a motion to amend should only be denied if the amendment is brought in bad faith, for dilatory purposes, results in prejudicial delay to the opposing party, or would be futile.  *See Colbin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).  The decision whether to grant leave to amend is within the trial court's discretion.  *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008).

One of the reasons established by the Supreme Court for denial of leave to amend is futility.  *Foman*, 371 U.S. at 182.  Defendants' principal objection to amendment is based on an argument of futility.  In the Sixth Circuit, a proposed amendment is futile if the complaint, as amended, would not withstand a motion to dismiss for failure to state a claim filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382-83 (6th Cir. 1993).  The present defendants do not assert that the proposed amended complaint fails to state a claim upon which relief can be granted, either against them or against the putative new defendants.  Rather, defendants assert that this court lacks *in personam* jurisdiction over the putative new defendants.  No Sixth Circuit case holds that leave to amend may be denied on the basis of a preemptive assertion of the lack of *in personam* jurisdiction.  Defendants wish this court to rule that it lacks personal jurisdiction over parties who have not even been named in a properly filed pleading.  This is an invitation to disorderly process and reversible error, to say the least.  Lack of personal jurisdiction is a personal defense.  *See Alger v. Hayes*, 452 F.2d 841, 842-43 (8th Cir. 1972).  The

-3-

present defendants lack standing to assert this defense on behalf of the added defendants. *See Tri–State Truck Ins. Ltd. v. First Nat. Bank of Wamego*, No. 09–4158–SAC, 2011 WL 3349153, at *7 (D. Kan. Aug. 3, 2011) ("A lack of personal jurisdiction can usually be raised only by the affected party."); *Sayles v. Pac. Eng'rs & Constructors, Ltd.*, No. 08–CV–676S, 2009 WL 791332, at *7 (W.D.N.Y. Mar. 23, 2009) (defendant lacks standing to contest personal jurisdiction over co-defendant); *Jenkins v. Smead Mfg. Co.*, No. 09–CV–261, 2009 WL 3628100, at *3 (S.D. Cal. Oct. 28, 2009) (defendant lacks standing to raise lack of personal jurisdiction on behalf of additional defendants named in amended complaint); *Clark v. Associates Commercial Corp.*, 149 F.R.D. 629, 634 (D. Kan. 1993) ("The court has already determined that third-party defendants have waived their personal jurisdiction defense, and plaintiff has no standing to assert this personal defense for third-party defendants."). The present defendants thus have no right to assert lack of personal jurisdiction over non-parties as a reason not to allow those parties to be named in the complaint. This objection to the motion to amend borders on the frivolous.

Defendants also assert that they would be prejudiced by the proposed amendment. Defendants' argument in support of prejudice is virtually incoherent. Defendants seem to say that the merits of their pending motion to dismiss and motion to transfer would somehow be undermined by the proposed amendment. This assertion does not withstand even the slightest scrutiny. Defendants' challenge to this court's personal jurisdiction over them and their motion to transfer remain pending. The duplicative request for a transfer made in a brief responding to a motion to amend is both unnecessary and improper. The viability of these motions is not affected in the least by the addition of new parties. The current defendants are not prejudiced by the joinder of two new defendants, who are free to assert their own defenses if and when they appear in this court.

-4-

### **Conclusion**

Defendants have not asserted any cogent reason for denying leave to amend at this early stage of the case.  Plaintiff's motion will be granted and plaintiff will be given leave to amend its complaint and to add parties.


Dated:   March 9, 2012                    /s/  Joseph G. Scoville_____
                                                     United States Magistrate Judge