UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWN COMPANIES, LLC,

        Plaintiff,

                                         File No. 1:11-cv-911

v.

                                         HON. ROBERT HOLMES BELL

PIGGY PAINT, LLC, et al.,

        Defendants.
_____/

## O P I N I O N

This case involves a trademark dispute between Lown Companies, LLC, a Michigan company, and Defendants Piggy Paint, LLC and Spirit Paint, LLC (formerly Rockhouse Industries, LLC), both of which are Arkansas limited liability companies. Plaintiff also brings claims against Defendants Melanie Hurley, Greg Primm, and Marc Bryant ("Individual Defendants"), who are members of Piggy Paint, LLC.

Presently before the Court is a motion to dismiss by the Individual Defendants for lack of personal jurisdiction.[1] (Dkt. No. 23.) Also before the court is Plaintiff/Counter-Defendant Lown Companies' motion to dismiss counterclaims for tortious interference with a business expectancy and conversion. (Dkt. No. 28.) For the reasons that follow, the Individual Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) will be granted, as will Plaintiff's motion to dismiss Defendant Piggy Paint's counterclaims.

---

[1] Defendant Piggy Paint, LLC had also filed a motion to dismiss for lack of personal jurisdiction, but opted not to renew that motion after Plaintiff filed an amended complaint. Piggy Paint has answered the amended complaint and has therefore consented to personal jurisdiction.

1

## I.

Plaintiff Lown Companies, LLC holds a registered mark "PIGGY POLISH" for nail polish products. The stylized trademark was granted by the United States Patent and Trade Office ("USPTO") in 2003. Doing business as Piggy Polish, Plaintiff allegedly advertises, sells, and distributes nail polish products internationally and locally. (Dkt. No. 21 at ¶ 25.)

In 2008, Defendant Hurley began selling nail polish products under the mark "PIGGY PAINT NATURAL AS MUD." The USPTO published the Piggy Paint mark in 2008, and allowed registration of the Piggy Paint mark in January of 2009. In October, 2009, Individual defendants Hurley, Primm, and Bryant organized and became members of Defendant Piggy Paint, LLC. (Dkt. No. 21 at ¶ 46.) Defendant Hurley assigned all rights, title, and interest in the "PIGGY PAINT NATURAL AS MUD" mark to Piggy Paint, LLC. (*Id.* at 47.)

The Individual Defendants have provided sworn declarations to the effect that they have never personally entered into any contract, sold any products, offered products for sale, advertised any products, or otherwise performed any business activities involving the Piggy Paint brand. (Dkt. No. 23 at 9.)

Piggy Paint, LLC has no office, address, or bank account in Michigan, and has no employees or agents in Michigan. However, Piggy Paint does maintain a website which is accessible in Michigan and which allows buyers to order Piggy Paint products. Although Piggy Paint, LLC has consented to the personal jurisdiction of this Court, the Individual Defendants move for dismissal under Fed. R. Civ. P. 12(b)(2). (Dkt. No. 23.)

In its answer to Plaintiff's amended complaint, Defendant Piggy Paint, LLC raised several counterclaims, including tortious interference with a business expectancy and conversion. (Dkt. No. 22.) Both counterclaims concern a Facebook web page promoting Piggy Paint products which Facebook allegedly took down upon the request of Lown Companies.

Piggy Paint maintained a Facebook page which featured its "PIGGY PAINT NATURAL AS MUD" trademark. Piggy Paint alleges that the Facebook page had acquired approximately 19,000 "fans" who had expressed generic approval of the page. Lown Companies allegedly filed a complaint with Facebook on January 18, 2012, requesting removal of Piggy Paint's Facebook page on grounds of copyright infringement. Facebook removed Piggy Paint's page on or about that date.

## II.

Rule 12(b)(2) authorizes the filing of motions to dismiss for lack of personal jurisdiction. "[T]he burden is on the plaintiff to make a prima facie showing that jurisdiction over the defendant is proper," unless an evidentiary hearing is held, in which case "the plaintiff is required to meet the preponderance of the evidence standard." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510, 510 n.3 (6th Cir. 2006). Personal jurisdiction must be established for each defendant individually. *Weather Underground, Inc. v. Navigation Cataylst Sys.*, 688 F. Supp. 2d 693, 697 (E.D. Mich. 2009) (citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).

"In deciding a motion to dismiss for want of personal jurisdiction the court must, of course, view the affidavits, pleadings, and documentary evidence in the light most favorable to the plaintiff." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). But the court may also consider "undisputed factual representations of the defendant which are consistent with the representations of the plaintiff." *Id.*

This Court can only exercise jurisdiction over the Individual Defendants if the they are amenable to service of process under Michigan's long-arm statute and the exercise of personal jurisdiction does not deprive them of their due process rights. *Lifestyle Lift Holding, Inc. v. Prendiville*, 768 F. Supp. 2d 929, 932 ( E.D. Mich. 2011) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).

Plaintiff alleges that this Court has limited personal jurisdiction over the Individual Defendants. Michigan's limited personal jurisdiction provisions extend the state's jurisdiction to the limits permitted by due process requirements, thus this Court need only perform one inquiry under the Due Process Clause. *Lifestyle Lift Holding, Inc. v. Prendiville*, 768 F. Supp. 2d 929, 933 (E.D. Mich. 2011) (citing *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150 (6th Cir. 1990); *Bridgeport Music, Inc. v. Still N the Water Pub*, 327 F.3d 472, 477 (6th Cir. 2003)).

The Sixth Circuit uses a three-part test in determining whether, consistent with due process, a court may exercise limited personal jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a

consequence to occur there; (2) the cause of action must arise from the defendant's activities there; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over him reasonable. *So. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

With respect to exercising personal jurisdiction over individual corporate officers, the Sixth Circuit has stated that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Flagstar Bank FSB v. Centerpointe Fin., Inc.*, 2011 U.S. Dist. LEXIS 56257 (E.D. Mich. May 26, 2011) (referring to *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000)). The requirements for personal jurisdiction must be independently satisfied as to each individual defendant.

Plaintiff argues that the individual defendants are subject to personal jurisdiction in Michigan because of their "authorization, direction, control, and overall participation in the sale of products into Michigan bearing infringing marks." (Dkt. No. 30 at 8.) Plaintiff relies on *Balance Dynamics*, which establishes that out-of-state corporate agents who are "actively and personally involved in the conduct giving rise to the claim" are not shielded from personal jurisdiction based on their tortious conduct. 204 F.3d at 697. However, Plaintiff does not allege any specific tortious conduct by the individual defendants beyond the general direction of Piggy Paint, LLC. Without more, such allegations do not satisfy the standard set out in *Balance Dynamics*.

5

Exercising personal jurisdiction over the Individual Defendants in this case would be tantamount to basing jurisdiction on mere ownership and control of Piggy Paint, LLC and Spirit Paint, LLC. There is no evidence or factual allegation that any of the three individuals actively and personally engaged in any activity specifically directed at Michigan. Plaintiff has not contradicted the individual defendants' statements that they have never personally entered into any contract, sold any product, advertised any products, or otherwise performed any business activities involving the Piggy Paint brand in the State of Michigan. (Dkt. No. 23 at 9.) While the sale of goods through a generally accessible commercial website is sufficient to establish personal jurisdiction over Piggy Paint, LLC, it hardly demonstrates the kind of active and personal involvement in tortious conduct contemplated by *Balance Dynamics*.[2]

Because Plaintiff has not established any nexus between the State of Michigan and the Individual Defendants that could satisfy the requirements for personal jurisdiction, the Individual Defendants' motion to dismiss will be granted.

### III.

Also before the Court is Plaintiff/Counter-Defendant Lown Companies' Rule 12(b)(6) motion to dismiss two counterclaims raised by Defendant/Counter-Plaintiff Piggy Paint.

---

[2] Plaintiff argues that tortious conduct can also be inferred because Defendant Hurley knew that the Piggy Paint mark infringed on the Piggy Polish mark when she applied for registration with the USPTO. First, the Court finds no evidentiary support for this allegation. Second, even taken as true, the allegation does nothing to establish a nexus between Defendant Hurley and the State of Michigan.

(Dkt. No. 22.) To survive a Rule 12(b)(6) motion to dismiss, a plaintiff or counter-plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A pleader must present "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In applying this standard, the counterclaim must be viewed in the light most favorable to the pleader. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### A. Tortious Interference with a Business Expectancy

The elements of tortious interference with business expectancies are (1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the defendant, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the plaintiff. *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan*, 217 Mich. App. 687, 698-699 (1996). With respect to the act of interference, a plaintiff must allege the intentional doing of a per se wrongful act or the intentional doing

of a lawful act with malice and unjustified in law for the purpose of invading [the] plaintiff's . . . business relationship." *Feldman v. Green*, 138 Mich. App. 360, 369 (1984).

Counter-Plaintiff Piggy Paint fails to allege facts which could support either a wrongful act of interference or a business expectancy. With respect to the alleged interference, several courts have held that contacting a third party over legitimate business concerns such as a breach of contract or copyright infringement cannot form the basis of a tortious interference claim. *See, e.g., Tang v. Putruss*, No. 06-1264, 2007 WL 2909527 (E.D. Mich. 2007). This is in line which more general Michigan decisions holding that, where a party's actions are motivated by a legitimate business purpose, its actions do not constitute improper motive or interference. *Mino v. Clio School Dist.*, 255 Mich. App. 60, 78 (2003). Although these cases do not involve trademark, the Court sees no reason why the same reasoning should not be applied to the present case.

Furthermore, Piggy Paint has not shown any valid business expectancy. Although Piggy Paint alleges that it had 19,000 "fans" of the page, Piggy Paint has not and cannot show that the removal of the facebook page — which did not offer any means of placing orders or doing business — resulted in the loss of any business.

Because Piggy Paint, LLC has not shown that Lown Companies contacted Facebook out of malice rather than a desire to protect its own mark, and because Piggy Paint's alleged business expectancy with the "fans" of its facebook page is too indefinite to form the basis of an actual expectation of business, Lown Companies' motion to dismiss the counterclaim for tortious interference with a business expectancy will be granted.

### B. Conversion

Piggy Paint also claims that Lown Companies "intentionally exercised control over Defendant Piggy Paint, LLC's federally registered trademark in violation of Defendant Piggy Paint, LLC's rights by removing Defendant Piggy Paint, LLC's page from Facebook." (Dkt. No. 22 at ¶ 49.) Defendant seeks damages under a theory of conversion.

The obvious rebuttal to this claim is that Facebook, not Lown Companies, took down the web page. Although Lown Companies allegedly requested that Facebook take action, there is no allegation that Lown Companies had the authority or ability to control the page or force Facebook to take action. Additionally, there is no precedent under Michigan law supporting a claim for conversion of a trademark.

### IV.

Plaintiff Lown Companies has failed to establish this Court's jurisdiction over individual defendants Melanie Hurley, Greg Primm, and Marc Bryant. Accordingly, the Individual Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) (Dkt. No. 23) will be granted. Plaintiff Lown Companies' Rule 12(b)(6) motion to dismiss Counts III and IV of Defendant Piggy Paint, LLC's counterclaim (Dkt. No. 28) will also be granted. And order consistent with this opinion will be entered.

Dated: August 9, 2012                          /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE