UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWN COMPANIES, LLC, a
Michigan limited liability company
d/b/a "Piggy Polish",

       Plaintiff,

v.

PIGGY PAINT, LLC, an Arkansas
limited liability company, et al.,

       Defendants.

_____/

File No. 1:11-CV-911

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Defendants Rockhouse Industries, LLC and Spirit Paint, LLC's motion to dismiss Plaintiff Lown Companies, LLC's complaint, as it pertains to them, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 42.) On August 29, 2011, Lown filed this action alleging nine different counts against Piggy Paint, LLC, Melanie Hurley, Greg Primm, and Mark Bryant. Lown amended this complaint on March 9, 2012, adding Rockhouse and Spirit Paint (collectively "Spirit Paint")[1] in the process. On August 9, 2012, this Court granted the motion to dismiss filed by Defendants Hurley, Primm, and Bryant. (Dkt. No. 49.) Additionally, it dismissed Counts III and IV of Piggy Paint's counterclaim. (*Id.*) The present motion to dismiss was

---

[1] Defendants Rockhouse and Spirit Paint advise that they are the same party. (*See* Dkt. No. 43, at 6.) The Court will thus address them as one party, "Spirit Paint."

filed on July 9, 2012. For the reasons that follow, it will be denied.

## I.

Lown advertises, sells, and distributes its nail polish products throughout Michigan and the United States. (Dkt. No. 21, Am. Compl. ¶ 25.) In 2010, Lown developed the SPIRIT FINGERS mark for nail polish and nail polish remover. Lown filed its trademark registration application for the mark on July 12, 2011. (*Id.* at ¶ 58.)

On September 26, 2011, Spirit Paint filed a trademark registration application for the mark SPIRIT PAINT for nail polish and nail polish remover. (*Id.* at ¶ 62.) It followed this up with a trademark registration application for a stylized mark SPIRIT PAINT on December 9, 2011. (*Id.* at ¶ 64.) Lown alleges that this SPIRIT PAINT mark infringes on its SPIRIT FINGERS mark. (*Id.* at ¶ 110.)

Spirit Paint licensed its SPIRIT PAINT mark to Piggy Paint who uses it in connection with its sales of university/college school colors nail polish products in Michigan. (*Id.* at 68.) Spirit Paint and Piggy Paint share the same owners (*Id.* at ¶¶ 6, 9), and Lown alleges Spirit Paint was formed to shield these common owners from personal liability for Piggy Paint's knowing and intentional unlawful use of the allegedly infringing SPIRIT PAINT mark (*Id.* at ¶ 69).

## II.

Where, as here, the Court decides a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden

2

of making a prima facie showing that the court has personal jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *see also Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (describing the burden on the plaintiff in such a case as "relatively slight"). To meet this burden, the plaintiff must establish "with reasonable particularity" sufficient contacts between Defendant and the forum state to support jurisdiction. *Neogen*, 282 F.3d at 887; *see also See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 520-21 (6th Cir. 2006) ("[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."). In evaluating the plaintiff's response to the motion to dismiss, the Court construes the facts in the light most favorable to the plaintiff and disregards contradictory evidence proffered by the defendant. *Neogen*, 282 F.3d at 887.

"In analyzing personal jurisdiction in diversity actions [], federal courts must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements." *Air Prods. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). In Michigan, this requires a two-step process: "(1) first, the court must determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over Defendants; and, if so, (2) the court must determine whether exercise of that jurisdiction comports with constitutional due process." *Id.*

3

### III.

Michigan's long-arm statute reads as follows:

The existence of any of the following relationships between a partnership association or unincorporated voluntary association or an agent thereof and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such partnership association or unincorporated voluntary association . . . (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

Mich. Comp. Laws § 600.735. Lown contends that this statute, particularly through the phrase in subsection 2, "doing or causing an act to be done, or consequences to occur" in Michigan, authorizes specific personal jurisdiction over Spirit Paint. "A plain language reading of these words [in subsection 2] reveals that either the tortious conduct or the injury must occur in Michigan." *Green v. Wilson*, 565 N.W.2d 813, 817 (Mich. 1997). "[W]hen the Michigan statute speaks of causing consequences to occur within the state, it applies to situations in which an act or conduct of the defendant outside of Michigan leads to an event in Michigan which gives rise to a [] claim." *Storie v. Beech Aircraft Corp.*, 417 F.Supp. 141, 145 (E.D. Mich. 1976); *Clavenna v. Holsey*, 265 N.W.2d 378, 380 (Mich. Ct. App. 1978).

Lown alleges that Spirit Paint has engaged in tortious conduct (contributory infringement through the licensing of the allegedly infringing mark to Piggy Paint) which has resulted in consequences in Michigan (harm to Lown, a Michigan company). (Dkt. No. 47, at 4.) Lown's pleadings support this contention, alleging that Spirit Paint was formed by the same owners of Piggy Paint "in an attempt to shield themselves from personal liability for

the knowing and intentionally unlawful use of the SPIRIT PAINT mark by defendant Piggy Paint." (Dkt. No. 21, Compl. ¶ 69.) The Court agrees that Michigan's long-arm statute authorizes jurisdiction over a defendant who has engaged in the actions alleged. To oppose this pleading, Spirit Paint has only offered a declaration by one of its officers asserting that Spirit Paint has no direct contact with Michigan (e.g. no sales, no store, no officers in Michigan). (Dkt. No. 43, Attach. 1.) This does not effect the applicability of the long-arm statute in this instance.

As for due process, there is a three part inquiry to determine if exercising jurisdiction over Spirit Paint would meet its requirements:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Miller v. AXA Winterthur Ins. Co.*, No. 11-1751, 2012 WL 4009693, at *3 (6th Cir. Sept. 13, 2012 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (1968)).

Lown has pleaded that Spirit Paint purposefully availed itself of the privilege of causing a consequence in Michigan because in licensing Piggy Paint to use the SPIRIT PAINT mark, Spirit Paint took advantage of the known fact that Piggy Paint (owned by the same people) would sell products using that mark in Michigan. (Dkt. No. 21, Compl. ¶¶ 69, 71.) Thus, Spirit Paint's evidence that it has never sold products within Michigan is of no matter. Lown has not disputed this fact, and its basis for personal jurisdiction is unrelated

5

to Spirit Paint's sales. Instead, it focuses on Spirit Paint's licensing of its mark to a company it knew would do business in Michigan, and Spirit Paint has not presented evidence opposing this allegation.

Second, Lown has pleaded that the present cause of action arose from Spirit Paint's activities which caused the consequence in Michigan. By licensing the mark to Piggy Paint, who Spirit Paint knew would use it in Michigan, Spirit Paint directly caused the alleged injury to Lown (trademark infringement) which caused this suit. (*Id.*) Again, Spirit Paint has not presented any evidence opposing this allegation.

Third, the exercise of jurisdiction is reasonable in this case. "An inference arises that the third factor is satisfied if the first two requirements are met." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996)). Here, there is a strong connection between Piggy Paint and Spirit Paint directly related to the mark that is at the center of this trademark controversy and which has allegedly injured a Michigan resident. Spirit Paint has not put forth any evidence disputing this connection with Piggy Paint. Thus, the Court finds that the exercise of jurisdiction is reasonable and that due process is satisfied.

## IV.

The Court is satisfied that Lown has established "with reasonable particularity" sufficient contacts between Spirit Paint and Michigan. Without any relevant evidence offered by Spirit Paint to contradict Lown's pleadings, the Court finds that these pleadings

are sufficient to make a prima facie showing that the Court has personal jurisdiction over Spirit Paint.

An order consistent with this opinion will be entered.


Dated: October 18, 2012 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE